**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES A. FIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-CV-0553-CVE-PJC |
| | ) |
| DAVID C. MILLER, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. By Opinion and Order filed December 29, 2011 (Dkt. # 27), the Court denied Petitioner's petition for writ of habeas corpus. The Court entered Judgment in favor of Respondent on December 29, 2011 (Dkt. # 28). On January 12, 2012, Petitioner filed a timely notice of appeal (Dkt. # 30). The appeal has been assigned Case No. 12-5006. On January 30, 2012, Petitioner filed a "motion seeking relief from judgment" (Dkt. # 36). Petitioner cites Fed. R. Civ. P. 60(b)(6) as authority for the relief requested in his motion.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a final judgment in certain circumstances, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The availability of Rule 60(b) is limited, however, when a prisoner seeks relief from the denial of a § 2254 petition, because the rule cannot be used to circumvent the requirement that a federal prisoner filing a second or successive § 2254 petition must first obtain a certification from the appropriate circuit court that specified stringent criteria have been satisfied. See 28 U.S.C. §§ 2244(b)(3)(A). A Rule 60(b) motion in the § 2254 context may be subject to these criteria if it asserts, or reasserts, a "claim," that is,

> if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions

> of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). The term "on the merits" refers

> to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.

Id. at 532 n.4. Thus, a Rule 60(b) filing is not subject to § 2244(b)(3)(A),

> if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006).

In his Rule 60(b) motion, Petitioner alleges that the Court "incorrectly considered the facts of the Petitioner's case," and "failed to consider the conflict between the Petitioner and his counsel prior to trial." See Dkt. # 36. Thus, Petitioner alleges that the Court erred in denying habeas relief on the merits. Petitioner's Rule 60(b) motion is, therefore a second or successive petition subject to the restrictions imposed by 28 U.S.C. § 2244(b)(3)(A). Because Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals before filing his motion, this Court lacks jurisdiction to consider the claims asserted therein.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the

appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of Petitioner's Rule 60(b) motion, and in light of Petitioner's pending appeal, the Court finds it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization. Petitioner may present his arguments, supporting his claims that this Court's denial of his petition was erroneous, to the Tenth Circuit on appeal. Because Petitioner's appeal is presently pending at the Tenth Circuit Court of Appeals, there is no risk that a meritorious successive claim will be lost and it would be a waste of judicial resources to transfer the petition. Therefore, the Rule 60(b) motion shall be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment (Dkt. # 36) is **dismissed** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

**DATED** this 2nd day of February, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT